UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WANE THOMPSON and
NICKOLE THOMPSON,

                    Plaintiff,
       -against-                                    **MEMORANDUM & ORDER**

SUNTRUST MORTGAGE, INC. and                         **14-CV-0649 (NGG) (RML)**
BERKMAN, PEDDY and FENCHEL,

                    Defendants.
------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On January 28, 2014, Plaintiffs Wane and Nickole Thompson, appearing pro se, filed this

action against Defendants.  The court grants Plaintiffs' requests to proceed in forma pauperis

solely for the purpose of this Order.  The Complaint is dismissed for the reasons set forth below.

**I.    BACKGROUND**

Although Plaintiffs' Complaint is not a model of clarity, the court gleans from it the

following allegations: Plaintiffs have filed an action in New York state court against Defendant

SunTrust Mortgage and its counsel, Defendant Berkman, Henoch, Peterson, Peddy & Fenchel,

P.C..[1]  (See Compl. at 1 (Dkt. 1) (citing to Thompson v. SunTrust Mortg. Agent, Index Number

2332/2012).)  Plaintiffs seek the "transfer of index #2332/2012 from state court to the Brooklyn

Eastern Federal court."  (Compl. at 3.)

At the same time, the Civil Cover Sheet attached to the Complaint represents that this is

an original proceeding, rather than a case removed from state court.  (Civ. Cover Sheet at 1 (Dkt.

1-1).)  Plaintiffs state that the basis for jurisdiction is federal question jurisdiction.  (Id.)

Plaintiffs do not attach any state court pleadings to their Complaint.

---

[1] The court notes that while the Defendant law firm's name is Berkman, Henoch, Peterson, Peddy & Fenchel, P.C.,
Plaintiffs have named "Berkman, Peddy and Fenchel" in the case caption.

Plaintiffs cite to the "Treaty of 1787 of the Republic," the Universal Declaration of Human Rights, the Real Estate Act, the Mortgage Forgiveness Debt Relief Act, "federal and state consumer protection law," the "common law of the Republic," and various provisions of the Federal Rules of Civil Procedure and New York Civil Practice Law and Rules. (See generally Compl.) It appears that at the heart of the Complaint are allegations of breach of contract and fraudulent misrepresentation arising out of home mortgage loans extended to Plaintiffs by Defendant SunTrust Mortgage. (See Compl. at 1) Plaintiffs also attach correspondence from SunTrust Mortgage and documentation of two home mortgage loans to the Complaint.

## II.   STANDARD OF REVIEW

A court is required to dismiss a complaint, filed in forma pauperis, if it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Where plaintiffs proceed pro se, their submissions are held to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). A pro se complaint and other documents are "to be liberally construed," Ahlers v. Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that they suggest," Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996). However, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." Boddie v. N.Y.

State Div. of Parole, 285 F. Supp. 2d 421, 426 (S.D.N.Y. 2003) (quoting Traguth v. Zuch, 710 F.2d 90, 95 (2d Cir. 1983)). "Thus, the duty to liberally construe a defendant's complaint is not the equivalent of a duty to re-write it." Geldzahler v. N.Y. Med. Coll., 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotations and alterations omitted).

Furthermore, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject-matter jurisdiction. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). This court has an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999); Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001); Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

At the outset, the court finds that there is no legal basis for Plaintiffs' transfer of a case filed in state court to the federal court. The removal statute, which allows a case originally filed in state court to be removed to federal court, is only available to the *defendants* named in the state court action.[2] 28 U.S.C. §§ 1441-1447; Geiger v. Arctco Enters., Inc., 910 F. Supp. 130, 131 (S.D.N.Y. 1996) ("A plaintiff simply may not remove an action from a state court."). Plaintiffs filed the action in state court and cannot now seek to transfer the action to federal court.

This case must be dismissed even if it is understood to be an original proceeding, rather than a removal of a state case. The basic statutory grants of federal subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, section 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly

---

[2] Plaintiff Wane Thompson's prior state case was removed to this court by defendant Wells Fargo. See Thompson v. Wells Fargo & Co., No. 12-CV-5919 (NGG) (filed Nov. 30, 2012) (pending).

invokes federal question jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. See 28 U.S.C. § 1331.

Here, although the basis for jurisdiction is alleged to be federal question jurisdiction, (Civ. Cover Sheet at 1.), and although Plaintiffs cite a number of federal statutes, the court gleans only allegations of a breach of contract and fraudulent misrepresentation from the Complaint. It is Plaintiffs' burden under Fed. R. Civ. P. 8(a)(1) to allege facts establishing the existence of jurisdiction. That burden has not been satisfied here.

## IV.   CONCLUSION

Accordingly, the Complaint, filed in forma pauperis, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3).

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
        February 3 , 2014

NICHOLAS G. GARAUFIS
United States District Judge