UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WANE THOMPSON and NICKOLE THOMPSON,

       Plaintiffs,

   -against-

SUNTRUST MORTGAGE, INC.,

       Defendant.
----------------------------------------------------------------X

**ORDER**

**14-CV-0649 (NGG) (RML)**

NICHOLAS G. GARAUFIS, United States District Judge.

On June 18, 2015, Plaintiffs Wane Thompson and Nickole Thompson, appearing pro se, filed what appears to be an amended complaint in this action. (See Mem. of Affirmation ("Am. Compl.") (Dkt. 22).) On November 13, 2015, Defendant filed a fully briefed motion to dismiss the Amended Complaint for insufficient service of process, lack of subject matter jurisdiction, and failure to state a claim.[1] (See Mot. to Dismiss (Dkt. 28); Resp. in Opp'n (Dkt. 29); Reply (Dkt. 30).) By Order dated April 5, 2016, the undersigned referred Defendant's Motion to Magistrate Judge Robert M. Levy for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (See Order Referring Mot. (Dkt. 31).) On July 12, 2016, Judge Levy issued an R&R recommending that Defendant's Motion be granted and that the case be dismissed with prejudice. (See R&R (Dkt. 32) at 1, 8.) Judge Levy directed the parties to file any objections to the R&R within 14 days. (Id. at 8.)

The court has received a letter from Plaintiffs, dated July 21, 2016. (See Ltr. (Dkt. 33).) The letter is largely unintelligible, and it does not appear to make any specific objections to the

---

[1] Defendant moves to dismiss the January 28, 2014, Complaint (see Compl. (Dkt. 1)), as well as Plaintiffs' June 18, 2015, Memorandum of Affirmation, to the extent that the court considers the Memorandum of Affirmation to be an amended complaint. (See Mem. in Supp. of Mot. to Dismiss (Dkt. 28-10) at 1.) The court construes the Memorandum of Affirmation as the Amended Complaint and construes Defendant's Motion as a motion to dismiss the Amended Complaint.

1

R&R. Nonetheless, the court will construe the letter as a timely objection to the R&R. However, for the following reasons, Plaintiffs' objections are OVERRULED, the R&R is ADOPTED IN FULL, and the Amended Complaint is DISMISSED WITH PREJUDICE.

In reviewing the R&R of a dispositive matter from a magistrate judge, the district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); see also Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) ("Where no objection to the [R&R] has been filed, the district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks and citation omitted)). The district court must review de novo "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). However, to obtain this de novo review, an objecting party "must point out the specific portions of the [R&R] to which they object." U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS) (WDW), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]."). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R&R] only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (citations omitted); see also Mario v. P&C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) (holding that plaintiff's objection to an R&R was "not specific enough" to "constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)"). Furthermore, "[a]n objection to [an R&R] in its entirety does not constitute a specific written objection within the meaning of Rule 72(b)." Healing Power, Inc. v. Ace Cont'l Exports, Ltd., No. 07-CV-4175 (NGG) (RLM), 2008 WL 4693246, at *1 (E.D.N.Y. Oct. 17, 2008). "A decision is 'clearly erroneous'

when the Court is, 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009) (quoting United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006)).

Plaintiffs' objections, like their claims, appear confused and difficult to discern. The letter does not refer to the R&R at all; nor does it substantively address any of Defendant's grounds for dismissal. The final paragraph declares: "The complaint states a claim upon which relief may be grant[ed] under Rule 408 of the federal rules of evidence." (Ltr. ¶ 14.) However, even if the court were to construe this as an objection to Judge Levy's determination that the Amended Complaint fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), such an objection would be far from sufficient. See Pall Corp., 249 F.R.D. at 51; Mario, 313 F.3d at 766. Therefore, the court reviews the R&R for clear error and finds none. Even under de novo review, the court would reach the same conclusions as Judge Levy.

Accordingly, the court OVERRULES Plaintiffs' objections, ADOPTS IN FULL the R&R, and GRANTS Defendant's Motion to Dismiss the Amended Complaint. Plaintiffs' Amended Complaint is DISMISSED WITH PREJUDICE. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York  
August 7, 2016

NICHOLAS G. GARAUFIS  
United States District Judge